## UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SOTERO MONTELLANO LOPEZ III,

    Plaintiff,

v.

COINBASE GLOBAL, INC., and
COINBASE, INC.

    Defendants.

Case No.

**DEFENDANTS' NOTICE OF REMOVAL**

Wayne County, Michigan; Third Judicial Circuit Court, Case No. 25-011798-CZ

| | |
|---|---|
| Sotero M. Lopez III | Eric D. Martin (P83205) |
| SoteroMLopez@proton.me | Norton Rose Fulbright US, LLP |
| PO Box 40261 | eric.martin@nortonrosefulbright.com |
| Redford Charter Township | 7676 Forsyth Boulevard, Suite 2230 |
| Michigan, 48240 | St. Louis, Missouri  63105 |
| (586) 565-0977 | Telephone: (314) 505-8800 |
| Pro se plaintiff | Facsimile: (314) 505-8899 |

## NOTICE OF REMOVAL

    Defendants Coinbase Global, Inc. and Coinbase, Inc. (together, "Coinbase"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 and L.R. 81.1, hereby remove to this Court the civil action captioned *Sotero M. Lopez III v. Coinbase Global, Inc.*, Case No. 25-011798-CZ (the "State Action"), currently pending in the Third Judicial Circuit Court for the County of Wayne, State of Michigan. In support of removal, Coinbase states as follows:

## I.    BACKGROUND AND PROCEDURAL HISTORY

1.    On July 31, 2025, Plaintiff Sotero M. Lopez III, acting in his capacity as Trustee and Executor of the Succor International Ecclesiastical Foreign Non-Grantor Trust, ("Plaintiff") filed the State Action in the Wayne County Circuit Court against Defendants. A true and correct copy of all pleadings, process, and orders served upon Coinbase is attached collectively as **Exhibit A** as required by 28 U.S.C. § 1446(a).

2.    On August 11, 2025, Coinbase was served with the Plaintiff's Petition.

3.    The Petition seeks, inter alia, (a) declaratory and injunctive relief compelling Coinbase to lift account restrictions and list "Sotero Currency (SOTC)" on its exchange, (b) statutory and common-law damages in the amount of $100 million, and (c) a court-ordered forensic audit of Coinbase's internal data practices. (Petition at 4–10).

4.    Coinbase disputes the allegations and claims pled against it.

## II.   BASIS FOR REMOVAL

5.    For purposes of the existence of diversity jurisdiction, the citizenship of the trust should be determined by the citizenship of its trustee. *Gen. Ret. Sys. of the City of Detroit v. UBS AG*, No. 10-CV-13920, 2010 WL 5296957, at *4 (E.D. Mich. Dec. 20, 2010).

6.      Coinbase is informed and believes that Plaintiff is, and was at the time the State Court Action was filed, Trustee of the Succor International Ecclesiastical Foreign Non-Grantor Trust, and a citizen of Michigan. (Petition, ¶¶ 1, 4, 13).

7.      Defendant Coinbase Global, Inc. is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, whose principal place of business is not located in Michigan.

8.      Defendant Coinbase, Inc. is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, whose principal place of business is not located in Michigan. Coinbase, Inc., is a subsidiary of Coinbase Global, Inc.

9.      Defendants are therefore not citizens of Michigan for purposes of federal diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

10.     Here, the amount in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiff demands $100 million in compensatory and punitive damages, plus additional equitable relief. (Petition at 8, 10).

11.     In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because: (a) there is complete diversity of citizenship between Plaintiff and Coinbase; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.   PROCEDURAL REQUIREMENTS

9.      The 3rd Judicial Circuit for Wayne County, Michigan, is located within the U.S. District Court for Eastern District of Michigan. Therefore, removal to the Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

10.     This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1). Coinbase received notice of process on August 11, 2025 and is filing this Notice of Removal within thirty (30) days of that date.

11.     The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Third Judicial Circuit Court, Wayne County, Michigan and will be promptly served on Plaintiff.

12.     Coinbase does not waive any defenses and expressly reserves the right to raise any and all defenses in subsequent proceedings.

## IV.   CONCLUSION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and L.R. 81.1, Coinbase respectfully requests that this Court take jurisdiction of this action to the exclusion of any further proceedings in the state Court. Coinbase further requests that the removal of this action be entered on the docket of this Court and that the Court grant Coinbase other and further relief to which it may be legally and equitably entitled.

Respectfully submitted,

Dated: September 8, 2025          NORTON ROSE FULBRIGHT US, LLP

By:  /s/ *Eric D. Martin*
Eric D. Martin, MI #P83205
Norton Rose Fulbright US, LLP
eric.martin@nortonrosefulbright.com
7676 Forsyth Boulevard, Suite 2230
St. Louis, Missouri  63105
Telephone: (314) 505-8800
Facsimile: (314) 505-8899

*Attorney for Defendants*
*Coinbase, Inc. & Coinbase Global, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 8, 2025, a true and correct copy of the foregoing has been filed with this Court's cm/ecf system and served via First Class U.S. Mail and email to:

Sotero M. Lopez III
P.O. Box 40261
Redford Twp, Michigan 48240
soteromlopez@proton.me

/s/ *Eric D. Martin*

# Exhibit "A"

25-011798-CZ FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   7/31/2025 8:28 PM   Carla Keefe

## IN THE THIRD JUDICIAL CIRCUIT COURT

## WAYNE COUNTY, MICHIGAN – CIVIL DIVISION

SOTERO MONTELLANO LOPEZ III**,**

**as Trustee and Executor of the Succor International Ecclesiastical Foreign Non-Grantor Trust**,
Plaintiff,

v.

**COINBASE GLOBAL, INC.**,
548 Market Street,
San Francisco, CA 94104,
Defendant.

CASE NO.: _____

HON.: _____

**Case Code:** CZ

**Prior or Related Cases:** There are no prior, pending, or related cases involving the same parties, facts, or issues currently before this or any other court.

## VERIFIED PETITION FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES

## INTRODUCTION

Plaintiff, **Sotero Montellano Lopez III**, acting in his capacity as **Trustee and Executor** of the **Succor International Ecclesiastical Foreign Non-Grantor Trust** and on behalf of affiliated entities and digital asset holders, respectfully petitions this Honorable Court for declaratory and injunctive relief, and damages against **Coinbase, Inc.**, based on violations of Michigan law, civil rights statutes, commercial law, and fiduciary obligations owed to verified users and lawful financial entities.

1

**EXHIBIT A**

## PARTIES

1. **Plaintiff**, Sotero M. Lopez III, is a natural man and lawful Trustee and Executor of a duly recorded ecclesiastical trust headquartered in United Kingdom and Wayne County, Michigan, with mailing address: ℅ **P.O. BOX 40261, Redford Charter Township, Michigan, 48240**.

2. **Defendant**, Coinbase, Inc., is a Delaware corporation and registered money services business (MSB), operating nationally and within Michigan, offering crypto-asset exchange and wallet services. Defendant conducts business with residents of Wayne County and is subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under **MCL 600.605** and **MCL 600.601**, and venue is proper in Wayne County under **MCL 600.1621**, as the events giving rise to this petition occurred within the State of Michigan and affect a trust headquartered and recorded in Wayne County.

4. This civil action is properly brought before this Court pursuant to **MCR 2.605**, which authorizes Michigan courts of record to issue **declaratory judgments** in cases involving actual controversies regarding the legal rights, status, and obligations of interested parties. Plaintiff respectfully seeks a declaration of rights related to fiduciary standing, enforcement of trust-backed instruments, and commercial access under Michigan and federal law.

5. In addition, Plaintiff seeks **injunctive relief** grounded in the Court's inherent **equitable jurisdiction** and pursuant to **MCL 600.2940**, which authorizes the issuance of orders to prevent irreparable harm, enforce duties, and restrain unlawful or discriminatory conduct. Given the ongoing denial of access to financial infrastructure and unjust exclusion from a commercial platform, judicial intervention is necessary to prevent further injury.

6. Finally, this action seeks **monetary damages** under both **statutory law**, including but not limited to the **Michigan Elliott-Larsen Civil Rights Act (MCL 37.2101 et seq.)**, and under well-established **common law doctrines** of **commercial fairness**, **breach of fiduciary expectation**, and **discriminatory interference** with lawful trust operations. These remedies are not only necessary to compensate for measurable **financial harm**, **reputational injury**, and **lost commercial opportunity**, but are also protected under **Article I, § 13 of the Michigan Constitution**, which guarantees that:

   *"Every person shall have a remedy by due course of law for every injury, and shall have justice administered without denial, delay or prejudice."*

**EXHIBIT A**

7. Plaintiff invokes this constitutional right to obtain judicial redress for ongoing injuries inflicted by Defendant's unjustified and exclusionary conduct, and respectfully requests that this Court exercise its full authority to award declaratory, injunctive, and compensatory relief.

---

**STATEMENT OF FACTS**

Plaintiff operates, administers, and lawfully governs **Sotero Currency (SOTC)** through the **Succor International Ecclesiastical Foreign Non-Grantor Trust**, a private trust entity established under ecclesiastical law and organized in compliance with both **Michigan trust statutes** and **international commercial protocols**. The Trust is formally recorded in the **Wayne County Register of Deeds**, thereby perfecting its public notice status and memorializing its legal standing within the State of Michigan and beyond.

This ecclesiastical trust structure serves as the issuing authority and fiduciary framework for all matters related to **Sotero Currency (SOTC)**, a digitally deployed financial asset administered for lawful, private, and religiously affiliated use. The Trust is governed according to a comprehensive body of law and fiduciary instruments, including but not limited to:

- The **Michigan Trust Code (MCL 700.7101 et seq.)**,

- The **Uniform Commercial Code**, particularly **Articles 1, 3, 8, and 9**, which govern negotiable instruments, securities, and secured transactions; and

- **31 CFR § 1010.230** under **FinCEN's Beneficial Ownership (KYB) Rule**, which the Trust satisfies by full disclosure of its fiduciaries, EIN, beneficial structure, and lawful business purpose.

  All trust-backed instruments and digital currency activities are lawfully documented, assigned private CUSIP identifiers, and supported by filed Security Agreements, Certificates of Trust, and blockchain records, ensuring full accountability, traceability, and regulatory alignment. Plaintiff, acting in his fiduciary role as **Trustee and Executor**, maintains sole legal and commercial authority to issue, settle, and administer all instruments and currency issued by the Trust, including SOTC.

  This framework distinguishes Sotero Currency from speculative or anonymously launched assets; it operates within a defined **fiduciary, jurisdictional, and asset-backed ecosystem**, aligning with public, private, and ecclesiastical legal standards governing lawful tender, fiduciary trust assets, and digital financial instruments.

**EXHIBIT A**

5. Plaintiff maintains a verified individual account with Coinbase and submitted a formal request to list Sotero Currency on the Coinbase platform.

6. Defendant, Coinbase, **unjustly restricted Plaintiff's account**, blocking essential trading and transfer functions after Plaintiff was victimized by third-party fraud, despite Plaintiff's lack of wrongdoing and prompt reporting.

7. Coinbase also refused to review or consider listing **Sotero Currency (SOTC)**, while simultaneously listing politically sensitive and speculative coins, such as **$TRUMP, MAGA, $MELANIA, $PEPE, and TREE**, indicating **selective enforcement**, **viewpoint discrimination**, and breach of commercial fairness.

8. Plaintiff has suffered **financial injury**, **reputational harm**, and **blockage of trust-based capital formation** directly resulting from Defendant's actions.

9. Plaintiff has tendered a **$100 million private settlement package**, including a **Security Agreement, Bill of Exchange, and Private Bond**, in good faith and consistent with law, but Defendant has refused to engage or resolve the matter.

10. Upon information and belief, Coinbase, Inc. may have retained, analyzed, and potentially monetized the Plaintiff's personal, fiduciary, and organizational data, including the submitted KYB documentation, financial instruments, and metadata tied to the deployment of Sotero Currency (SOTC), despite denying listing and restricting account access. Plaintiff reserves the right to request a forensic audit of Coinbase's internal data usage logs, third-party analytics agreements, and blockchain tracking tools—particularly Coinbase Analytics—to determine the extent of commercial benefit derived from Plaintiff's information.

---

## CLAIMS FOR RELIEF

## COUNT I – DECLARATORY JUDGMENT (MCR 2.605)

11. Plaintiff reaffirms and incorporates all prior paragraphs of this Petition as if fully set forth herein.

12. Pursuant to **MCR 2.605(A)(1)**, Plaintiff seeks a declaratory judgment from this Honorable Court to resolve an actual controversy involving his legal status, fiduciary authority, and the enforceability of lawful instruments in ongoing commercial disputes with Defendant, Coinbase, Inc.

**EXHIBIT A**

13. Plaintiff is the duly authorized **Trustee and Executor** of the **Succor International Ecclesiastical Foreign Non-Grantor Trust**, a recorded and lawfully constituted trust operating under ecclesiastical, Michigan, federal, and international law, with a verified mailing address in Wayne County, Michigan.

14. The Trust has issued lawful financial instruments—including but not limited to a **$100 million Security Agreement, Bill of Exchange, and Private Bond**—governed by **UCC Articles 1, 3, 8, and 9**, and structured for valid settlement, monetization, and asset protection through domestic or international channels.

15. Plaintiff has also deployed **Sotero Currency (SOTC)**, a digital asset governed and backed by the Trust, lawfully issued and deployed on the **Polygon blockchain** with a total supply of 15 quadrillion tokens. Said deployment is public, verifiable, and governed by fiduciary structure and CUSIP-designated trust authority.

16. Defendant Coinbase, Inc. has taken adverse and discriminatory actions by:

- Refusing to recognize or list Sotero Currency (SOTC);

- Blocking Plaintiff's access to his verified Coinbase account;

- Failing to consider or respond to trust-backed lawful financial instruments offered in good faith;

- Imposing punitive restrictions after Plaintiff was the victim of third-party fraud, without lawful basis or procedural remedy.

    **These actions create an actual legal controversy concerning:**

- Plaintiff's **fiduciary standing and legal authority**;

- The **validity and enforceability of his trust-issued instruments**;

- The **civil and commercial rights violated** by Defendant through arbitrary restrictions and denial of service.

17. Therefore, Plaintiff respectfully requests that this Court enter a **declaratory judgment** affirming the following:

- **That Plaintiff has full lawful authority** to administer, execute, and transact on behalf of the Succor International Ecclesiastical Foreign Non-Grantor Trust, including the issuance

**EXHIBIT A**

and deployment of digital assets and financial instruments;

- **That the instruments issued by the Trust—including the Security Agreement, Bill of Exchange, and Private Bond—are lawful, valid, and enforceable** under Michigan, UCC, and federal law;

- **Coinbase's refusal to lift account restrictions and denial of asset listing constitutes unlawful discrimination, viewpoint suppression, and breach of commercial fairness and public accommodation laws**.

  A judicial declaration on these matters will resolve existing controversy, prevent further harm, and clarify the rights, duties, and obligations of the parties involved.

---

## COUNT II – INJUNCTIVE RELIEF

### (MCL 600.2940; Equity Jurisdiction)

Plaintiff incorporates by reference all preceding paragraphs of this Petition as though fully stated herein.

Plaintiff seeks injunctive relief to prevent further ongoing harm and irreparable injury arising from Defendant Coinbase, Inc.'s discriminatory and arbitrary conduct, which includes the unjustified restriction of Plaintiff's verified Coinbase account and the refusal to engage in a good faith review of Sotero Currency (SOTC), despite Plaintiff's verified legal and fiduciary standing, lawful trust structure, and KYB-compliant disclosures.

Injunctive relief is warranted under Michigan law (MCL 600.2940) and under the Court's inherent equitable jurisdiction to prevent continuing damage, deprivation of rights, and irreparable loss that cannot be fully redressed by monetary compensation alone.

Plaintiff's ability to operate as a Trustee, fiduciary, and issuer of lawful digital financial instruments has been severely impaired by Defendant's actions, including:

- The ongoing blockage of access to a Coinbase account used for digital currency administration, which remains unjustly restricted;

- The refusal to consider or review the Sotero Currency (SOTC) for listing, while materially similar and less-governed tokens—including $TRUMP, $MELANIA, $PEPE, and $TREE—have been listed and promoted;

**EXHIBIT A**

- The arbitrary and disparate treatment of ecclesiastical, trust-based financial instruments and foreign non-grantor trust structures, effectively excluding Plaintiff from equal commercial participation.

Defendant's actions continue to inflict **ongoing and irreparable harm** that cannot be remedied by monetary damages alone, affecting core components of Plaintiff's fiduciary operations and the trust's lawful economic ecosystem.

Specifically, Defendant's refusal to lift unjust restrictions and failure to review or list Sotero Currency (SOTC) has caused:

- **Depreciation in the value, legitimacy, and public recognition of Sotero Currency (SOTC):**
  Plaintiff's digital currency, which is lawfully deployed and trust-governed, has been materially disadvantaged by Coinbase's exclusion. Without access to major exchanges like Coinbase, the currency is denied entry to core markets, liquidity pools, and digital asset valuation channels. This not only distorts investor perception but stifles the trust's ability to distribute or stabilize the token in accordance with its fiduciary mission.

- **Obstruction of financial operations, capital formation, and lawful administration of the Succor International Ecclesiastical Foreign Non-Grantor Trust:**
  The Trust operates as a legal and ecclesiastical body responsible for issuing and managing financial instruments, spiritual infrastructure, and blockchain-based innovations. Coinbase's refusal to acknowledge or interact with the Trust's instruments, including Security Agreements and Bills of Exchange, has paralyzed the Trust's ability to carry out essential financial functions—including asset conversion, investor onboarding, and digital liquidity generation—thereby directly harming beneficiaries and trustees.

- **Damage to Plaintiff's personal and fiduciary reputation across commercial, legal, and blockchain communities:**
  As Trustee and Executor, Plaintiff serves as the face and administrator of all trust-based dealings. Coinbase's implicit refusal to recognize Plaintiff's verified identity, lawful filings, and properly structured digital assets sends a false signal to commercial partners and blockchain stakeholders that Plaintiff's instruments or trust structure lack legitimacy. This perception—despite full compliance with KYB, UCC, and Michigan trust law—has led to reputational losses, disrupted negotiations, delayed smart contract partnerships, and public confusion about the lawful nature of the Sotero Currency project.

These harms are **ongoing, compounding, and structurally disruptive**, threatening the long-term viability of the Trust's financial system and the integrity of the fiduciary role Plaintiff

7

**EXHIBIT A**

has been appointed to fulfill. Equitable relief from this Court is required to halt further harm and restore public confidence in Plaintiff's legal authority and trust-based financial model.

Plaintiffs have no adequate remedy at law to stop these harms without judicial intervention. The restricted account and blocked listing opportunity are causing ongoing loss of access, trust liquidity, and smart contract deployment timelines which cannot be later restored by damages alone.

Plaintiff has acted at all times in good faith, with full transparency and legal authority, and has offered lawful tender in the form of a $100 million Security Agreement, Bill of Exchange, and Private Bond to settle any potential obligations—an offer Coinbase has not acknowledged or acted upon.

Accordingly, Plaintiff respectfully seeks a preliminary and permanent injunction compelling Defendant Coinbase, Inc. to:

- Immediately remove all unjust restrictions from Plaintiff's verified Coinbase account, and reinstate full access to wallet, trading, and transfer functions;

- Initiate a good faith review and listing process for Sotero Currency (SOTC) on the Coinbase platform, under standard Asset Hub, KYB, and compliance evaluation criteria;

- Cease and desist from any further discriminatory or retaliatory treatment against Plaintiff or any similarly situated ecclesiastical trust entities, including those operating under foreign non-grantor, PMA, or UCC-based jurisdiction.

Plaintiff is prepared to submit any additional documentation requested by the Court in support of this equitable relief and requests an expedited hearing given the continuing nature of the commercial harm.

---

## COUNT III – DAMAGES

## (CIVIL RIGHTS VIOLATION / COMMERCIAL INJURY)

Plaintiff brings this cause of action for compensatory and punitive damages in the amount of **$100 million**, based on Defendant Coinbase, Inc.'s discriminatory conduct, breach of lawful and fiduciary expectations, and the severe financial and reputational harm suffered as a direct result of unjustified actions taken against Plaintiff and the ecclesiastical trust entity he lawfully represents.

EXHIBIT A

Defendant's refusal to remove restrictions from Plaintiff's verified Coinbase account, its failure to review or list Sotero Currency (SOTC), and its continued pattern of exclusion and inaction, constitute violations of **Plaintiff's civil rights**, including his rights to equal treatment in public accommodations and financial services.

These actions violate the **Michigan Elliott-Larsen Civil Rights Act (MCL 37.2101 et seq.)**, which prohibits discrimination in the provision of goods, services, facilities, and accommodations on the basis of religion, association, or expressive belief system. Plaintiff, as a trustee and executor of a religiously affiliated and lawfully recorded ecclesiastical trust, is entitled to access to platforms and services on the same terms as similarly situated entities and individuals.

Coinbase's conduct also constitutes a **breach of commercial fairness, reasonable expectations, and good faith**, particularly as Plaintiff was a verified account holder acting lawfully and in good faith, and had complied with Coinbase's KYB/AML standards in substance and principle. Rather than support the victim of international fraud, Coinbase retaliated against Plaintiff by freezing account access and refusing to acknowledge trust-backed financial instruments and settlement offers.

Plaintiff has also suffered substantial **commercial and reputational damage**, including the loss of:

- Investor and stakeholder confidence in the legitimacy of Sotero Currency (SOTC),

- Blockchain deployment opportunities dependent on market visibility and exchange access,

- Entry into stablecoin and liquidity pool ecosystems dependent on Coinbase infrastructure,

- Partnership and listing negotiations that collapsed due to Coinbase's public silence and inaction.

These damages are quantifiable, ongoing, and stem directly from Coinbase's unjustified refusal to treat Plaintiff and his trust with the same access and opportunities granted to other token projects—many of which are meme-based, politically charged, or lack any fiduciary or compliance structure whatsoever.

Plaintiff's lawful tender instruments—including a **$100 million Security Agreement**, **Bill of Exchange**, and **Private Bond**—have been offered in good faith as settlement. Coinbase's failure to engage these instruments only compounds the commercial harm and loss of access to equitable remedy.

**EXHIBIT A**

Accordingly, Plaintiff seeks a judgment awarding:

- **$100 million in compensatory and punitive damages**;

- Prejudgment and postjudgment interest as allowed by law;

- Court costs, filing fees, and any other appropriate relief to redress the full extent of injury sustained.

Plaintiff reserves the right to supplement this claim with affidavits, investor statements, commercial contracts, and expert economic analysis showing the full scope of financial loss tied to Coinbase's discriminatory and commercially damaging actions.

---

## BLOCKCHAIN CONTRACT RECORD AND PUBLIC ACCESS TO SOTERO CURRENCY (SOTC)

Petitioner hereby enters into the public court record the verified smart contract address and associated public marketplace links for *Sotero Currency (SOTC)*, a decentralized digital asset lawfully issued and governed under the Succor International Ecclesiastical Foreign Non-Grantor Trust.

### Smart Contract Information

Sotero Currency (SOTC) is deployed on the Polygon Mainnet blockchain with a total maximum supply of **15 quadrillion units (15,000,000,000,000,000)**.

- **Polygon Mainnet Contract Address:**
  0x6F8D2EbaDA6cf172a4C737E9b9E4c3D10896f83F

- **Token Decimals:** 18

- **Verified Name:** SOTERO CURRENCY (SOTC)

36. **Verification and Trading Links (Publicly Available):**

- **PolygonScan (Blockchain Explorer):**
  https://polygonscan.com/token/0x6F8D2EbaDA6cf172a4C737E9b9E4c3D10896f83F

**EXHIBIT A**

- **Uniswap (Polygon) Trading Link:**

  https://app.uniswap.org/#/swap?outputCurrency=0x6F8D2EbaDA6cf172a4C737E9b9E4c3D10896f83F&chain=polygon

**Instructions for Clients, Buyers, and Investigators:**

To verify or acquire SOTC tokens, any member of the public, including institutional parties, may take the following steps:

1. Install MetaMask or another Web3-compatible wallet.

2. Add the **Polygon Mainnet** network to the wallet.

3. Fund the wallet with **MATIC** to cover gas fees.

4. Visit the Uniswap Polygon trade link.

5. Use the token contract address listed above to select **SOTC**.

6. Swap ETH, USDC, or MATIC for SOTC.

7. If not automatically displayed, manually add the token using:

   - **Token Contract:** 0x6F8D2EbaDA6cf172a4C737E9b9E4c3D10896f83F

   - **Decimals:** 18

The verified deployment and public listing of SOTC further demonstrate the commercial legitimacy, economic function, and public accessibility of the digital asset, and refute any claim by Defendant(s) or third-party platforms that the currency lacks sufficient deployment, exchange functionality, or blockchain proof of existence.

---

**NOTICE TO DEFENDANT & PRE-LITIGATION GOOD FAITH COMMUNICATION**

Plaintiff affirms that this filing represents the **first formal legal notice and demand letter** sent to Defendant **Coinbase, Inc.**, regarding the issues raised herein. A full copy of this Verified Petition, including the attached **Demand Letter and Private Settlement Offer**, will be mailed to Defendant via **U.S. Mail** to their principal address at **548 Market Street, San Francisco, CA 94104**, with a reference to **Letter ID: SML-073124-SOTC-DL100M** in both the cover page and footer.

Simultaneously, Plaintiff will deliver electronic copies of this Petition and Demand Letter to:

- Coinbase's **Legal Department email**: legal@coinbase.com;

- The **Asset Listing contact portal** via Coinbase's official website;

- A live support representative via **Coinbase's internal chat function**, with a request for direct escalation to legal counsel.

Plaintiff includes these steps to demonstrate transparency, advance notice, and good faith under both commercial and judicial principles. While Defendant has not previously been served or contacted formally regarding these claims, Plaintiff is permitted under **MCR 2.101(B)** and **MCR 2.105(A)** to initiate civil proceedings **without prior demand or notice** where irreparable harm or ongoing injury is alleged, and where such claims arise under rights preserved by statute or common law.

This filing is made pursuant to Plaintiff's rights under **Michigan Constitution Article I, § 13** and **MCL 600.601**, which authorize access to courts of record for redress of wrongs, without procedural delay or prejudgment barriers, particularly when the claim involves **ongoing commercial injury, denial of services, or civil rights violations**.

Plaintiff acknowledges that Coinbase may wish to respond, settle, or contest the claims herein, and provides this combined Petition and Demand Letter as **timely notice sufficient to avoid prejudice**, support judicial efficiency, and afford Defendant a full and fair opportunity to answer. Plaintiff requests that the Court take judicial notice of these service efforts and allow Defendant reasonable time to reply without delaying the initial filing of this cause.

---

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

---

**EXHIBIT A**

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court enter judgment in his favor and grant the following relief:

**A.** A **Declaratory Judgment** pursuant to **MCR 2.605** affirming that Plaintiff, **Sotero M. Lopez III**, is lawfully authorized as **Trustee and Executor** of the **Succor International Ecclesiastical Foreign Non-Grantor Trust**, with full authority to administer trust assets, issue financial instruments, and deploy digital currency on behalf of the trust;

**B.** A **Judicial Declaration and Order** recognizing that the commercial financial instruments issued by Plaintiff—including the **$100 million Security Agreement, Bill of Exchange, and Private Bond**—constitute **valid and enforceable lawful tender** under the **Uniform Commercial Code**, **Michigan trust law**, and applicable **federal and international financial statutes**, and may be used for settlement and discharge of claims;

**C.** A **Permanent Injunction** compelling **Coinbase, Inc.** to immediately:

1. **Remove all restrictions** from Plaintiff's verified account;

2. **Reinstate full access** to wallet, trading, sending, and receiving functions;

3. **Commence a good faith review** and listing process for **Sotero Currency (SOTC)** as a tradable asset on the Coinbase platform;

4. **Cease any further discriminatory, retaliatory, or exclusionary practices** against Plaintiff and similarly situated ecclesiastical trust entities;

**D.** An award of **Compensatory and Punitive Damages** in the amount of **$100,000,000.00**, plus statutory interest, attorney fees (if applicable), and all costs and expenses associated with this litigation;

**E.** A finding and **judicial affirmation of Plaintiff's constitutional, commercial, and fiduciary rights**, including his protected status under the **First Amendment**, the **Michigan Elliott-Larsen Civil Rights Act (MCL 37.2101 et seq.)**, and the **right to access digital marketplaces on nondiscriminatory terms**;

**F.** Such other and further **relief at law or in equity** as this Court may deem just, proper, and in the interest of justice, including but not limited to:

- Leave to file supplementary affidavits and evidentiary exhibits;

**EXHIBIT A**

- Referral of Coinbase's practices for regulatory review (if warranted);

- Court enforcement of Plaintiff's trust authority and financial standing across jurisdictions.

**G.** An Order compelling Coinbase, Inc. to submit to a third-party forensic audit and full disclosure of data use, retention, and internal review practices involving Plaintiff, including but not limited to:

1. **All records of access, review, or internal distribution of Plaintiff's KYB-compliant documents, trust instruments, and digital asset submissions** (including Sotero Currency [SOTC]); Contact Address: **0x6F8D2EbaDA6cf172a4C737E9b9E4c3D10896f83F**

2. **All metadata, blockchain logs, or Coinbase Analytics data** involving Plaintiff's account, wallet addresses, or deployed smart contracts, including any indexing, tagging, or surveillance linked to the SOTC token or associated CUSIP identifiers;

3. **All internal communications, deliberations, or committee reviews** concerning Plaintiff's asset listing request, financial instruments, and trust filings;

4. **All third-party data-sharing, analytics agreements, or monetization activities** in which Plaintiff's data or digital instruments were involved, including anonymized or restructured forms;

5. A **declaration under oath from a senior Coinbase compliance or data officer** certifying the scope and disposition of all retained data concerning Plaintiff, including any monetization, replication, suppression, or derivative use of Plaintiff's proprietary trust-backed asset structures.

Such relief is necessary to determine the extent to which Coinbase may have derived value—commercial, strategic, or otherwise—from Plaintiff's submissions, without notice, credit, or lawful justification. This data audit shall be conducted under Court supervision or pursuant to further order to ensure integrity, transparency, and due process.

---

## MAXIM OF LAW AND EQUITABLE PRINCIPLE FOR THE RECORD

In accordance with longstanding principles of both Michigan jurisprudence and ecclesiastical equity, Plaintiff invokes the following **universal maxim of law**, recognized across common law, canon law, and commercial jurisdictions:

> **"He who comes into equity must come with clean hands."**
> (See also: Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806 (1945))

This maxim affirms that equitable relief is available only to those who act in good faith, with honesty, lawful standing, and without deception or fraud. Plaintiff, having established a record of transparency, lawful trust authority, and consistent efforts at non-litigious resolution—including the tender of private financial instruments in good faith—comes before this Court with **clean hands** and a verified claim in equity and law.

Coinbase, by contrast, has acted in bad faith, engaging in selective enforcement, refusal to honor lawful fiduciary authority, and exclusionary conduct toward Plaintiff's ecclesiastical trust entity, causing continuing harm without due process or justification.

Plaintiff prays that this Court uphold the equitable doctrines enshrined in Michigan law and U.S. jurisprudence, and restore justice where both the letter and the spirit of law have been breached.

---

## VERIFICATION

I, **Sotero M. Lopez III**, being of sound mind and competent legal capacity, and acting in my fiduciary role as **Trustee and Executor** of the **Succor International Ecclesiastical Foreign Non-Grantor Trust**, do hereby affirm and declare under penalty of perjury under the laws of the State of Michigan that:

The facts and statements set forth in the foregoing Verified Petition are true and correct to the best of my knowledge, information, and belief, formed after reasonable inquiry and supported by the records, trust documentation, and blockchain evidence in my possession.

I make this verification freely, voluntarily, and without coercion, in support of lawful remedies and equitable relief sought before this Honorable Court, and I affirm that all attached exhibits, referenced instruments, and trust documents are accurate reproductions of original instruments lawfully executed under my authority.

Executed on this **31st day of July, 2025**, in **Wayne County, Michigan**.

**EXHIBIT A**

**Signature:**        *By: Sotero M. Lopez III, Ex.*

_____

**Sotero M. Lopez III**
Trustee and Executor
Succor International Ecclesiastical Foreign Non-Grantor Trust

_____

**EXHIBIT A**

Letter ID: SML-073124-SOTC-DL100M

**Succor International Ecclesiastical Foreign Non-Grantor Trust**
℅ **PO BOX 40261**
**Redford Charter Township, Michigan 48240**
**Email:** soteromlopez@proton.me
**Date:** 07/31/2025

**TO:**
Legal, Compliance, and Asset Listing Departments
Coinbase Global, Inc.
548 Market Street
San Francisco, CA 94104
legal@coinbase.com | assetlisting@coinbase.com

**Private CUSIP No.: SML-073124-SOTC-DL100M**                    **Document Control**
**No.: SIE-COINBASE-DL-2025-001**

---

**RE: Legal Demand to Remove Account Restrictions and List Sotero Currency (SOTC); Intent to File Suit if Refused**

Dear Coinbase Legal & Compliance Team:

I, Sotero M. Lopez III, as duly authorized Trustee and Executor of the **Succor International Ecclesiastical Foreign Non-Grantor Trust** and Chief Fiduciary of the **Succor Ministerial Association**, issue this letter as a formal demand and offer of conditional settlement in the matter of Coinbase's ongoing refusal to:

1. Remove discriminatory and unjust restrictions placed on my verified Coinbase account; and

2. Acknowledge and list our legally deployed and trust-governed cryptocurrency, **Sotero Currency (SOTC)**, on your platform.

---

**1. LEGAL ENTITY & GOVERNING LAW**

We operate through a duly constituted and lawfully recorded **ecclesiastical trust**—filed with the **Wayne County Register of Deeds**—under the name **Succor International Ecclesiastical Foreign Non-Grantor Trust**, with full fiduciary control, beneficiary designation, and international lawful standing. This trust structure governs the administration and issuance of **Sotero Currency (SOTC)** and is functionally integrated with the **Succor Ministerial Association**, a

1

**EXHIBIT A**

**Private Member Ecclesiastical Association (PMA)** organized for spiritual, fiduciary, and lawful economic purposes under First Amendment protections. The trust is also organized as a **Foreign Non-Grantor Trust**, compliant with all U.S. recognition standards for such entities operating in commerce.

Our governance and operations conform to and are enforceable under:

• **Uniform Commercial Code (UCC) Articles 1, 3, 8, and 9**

- **Article 1** establishes the foundational legal framework and scope of enforceability for secured transactions.

- **Article 3** governs negotiable instruments, including Bills of Exchange and Promissory Notes, which are duly issued under trust seal and trust authority.

- **Article 8** supports our issuance of private digital securities and beneficial interests.

- **Article 9** governs the perfection of security interests, under which our trust instruments are recorded, assigned CUSIP identifiers, and protected by Security Agreements and liens.

• **31 CFR § 1010.230 (FinCEN's Beneficial Ownership Rule / KYB Rule)**

- We have fully disclosed the trust's **ultimate beneficial owner(s), controlling fiduciaries, EIN(s)**, and lawful business purpose.

- The trust qualifies as a **Legal Entity Customer** (LEC), with all required information available for review, including documentation sufficient for **Know-Your-Business (KYB)** onboarding by financial institutions, exchanges, and digital asset platforms.

- Our status satisfies FinCEN's standards for transparency, lawful intent, and risk mitigation.

• **Michigan Compiled Laws (MCL) § 700.7201 et seq. – Michigan Trust Code**

- Our trust is enforceable under **Michigan law** as a lawful non-testamentary trust with recorded authority, independently managed and with fiduciary jurisdiction established in Wayne County.

- The trustee, Sotero M. Lopez III, acts with full legal capacity to transact, enforce, assign, and settle claims in equity or commerce.

• **Ecclesiastical and First Amendment Jurisdiction**

**EXHIBIT A**

- As a faith-based private association and ecclesiastical trust, we operate under **First Amendment protections** guaranteeing freedom of religion, freedom of association, and protection against discrimination based on religious, spiritual, or non-state governance structures.

- Denial of services, access, or platform functions solely due to ecclesiastical origin or structure constitutes **unconstitutional viewpoint discrimination** and potentially unlawful religious discrimination under Michigan and federal civil rights statutes.

• **International Private Law and Treaty Recognition**

- Our trust and instruments are supported by international law principles, including **comity of nations**, **Lex Mercatoria**, the **UNIDROIT Principles**, and **treaty-based mutual recognition** of private trusts and negotiable financial instruments.

- These standards apply to transnational commerce involving digital assets, private associations, and instruments of lawful tender, especially when such instruments can be converted into state-backed currencies.

All relevant documentation, including **Trust Certificate, Fiduciary Appointment, EIN confirmation, KYB disclosures, Blockchain explorer links**, and token metadata are available upon request. Our governance model, internal controls, and financial instruments meet or exceed the requirements imposed by Coinbase's internal KYB/AML policy and **Asset Listing Application** criteria.

---

## 2. BASIS OF DISPUTE

Despite submitting a legitimate application for listing and operating in good faith under full transparency, Coinbase has:

- Denied or delayed listing of **Sotero Currency (SOTC)** without valid reason, while launching lesser-governed or politically charged tokens such as **$TRUMP**, **MAGA**, and **$MELANIA**, as well as speculative or meme-based tokens like **$PEPE** and **$TREE**—despite the fact that many of these projects lack the clear legal governance, fiduciary oversight, or recorded trust structure that our instrument and currency lawfully maintain;

- **Restricted my individual Coinbase account**, disabling essential functions such as **trading, sending, swapping, and withdrawing assets**—based solely on the fact that I was a **documented victim of fraud** by a third-party entity, **Castillage Financial Services**, located at **Friedrich-Ebert-Anlage 36, Ground Floor, 60325 Frankfurt am Main, Germany**. Despite promptly reporting the fraudulent activity and providing all relevant correspondence and evidence, Coinbase chose to penalize **me, the victim**, instead of pursuing appropriate actions against the offending international entity. This

restriction was applied **without any due process, internal remedy, or transparent explanation**, and **without evidence of wrongdoing or violation on my part**. The action appears arbitrary, retaliatory, and disproportionately punitive, especially considering Coinbase has maintained unrestricted access for other users holding politically sensitive or high-risk assets.

This constitutes **disparate treatment**, potential **viewpoint or belief-based discrimination**, and failure to process a compliant foreign trust entity under KYB standards.

---

## 3. SETTLEMENT & CONVERSION OFFER

In the spirit of **good faith, private contract law, and lawful tender**, we are fully prepared to resolve this matter **privately and constructively** if Coinbase agrees to the following remedial actions **within fourteen (14) calendar days** of the date of this letter:

1. **Immediately lift all account restrictions** on the verified individual account belonging to **Sotero M. Lopez III**, restoring full functionality, including trading, sending, receiving, and swapping capabilities across all digital assets without delay, obstruction, or risk flagging; and

2. **List and activate Sotero Currency (SOTC)** on the Coinbase platform, enabling full market access for **purchase, trading, pooling, and wallet transfers**, or—at minimum—formally initiate the review and due diligence process for onboarding Sotero Currency as a listed asset under your Asset Hub program within a **commercially reasonable timeline**.

Should Coinbase decline, fail to respond, or willfully delay compliance with these reasonable and lawful requests, we will be compelled to:

**Initiate a civil lawsuit** in **state and/or federal court**, asserting a **claim for $100 million in compensatory and punitive damages**, based on the following well-established causes of action and legal violations:

• **Unlawful Discrimination**: Coinbase's refusal to list Sotero Currency (SOTC) and the arbitrary restriction of my verified account—while simultaneously onboarding lesser-compliant or politically aligned tokens—constitutes **unlawful discrimination** on the basis of:

- **Religious status**, given our ecclesiastical trust and PMA operate under First Amendment and natural law jurisdiction;

4

**EXHIBIT A**

- **Political viewpoint and belief-based exclusion**, in light of Coinbase's preferential treatment toward politically affiliated tokens such as $TRUMP, $MELANIA, and MAGA;

- **Associational discrimination**, targeting the Succor Ministerial Association and affiliated trust structures based on their private and non-state governance model.

• **Violation of Civil Rights**: This conduct constitutes a violation of the **Michigan Elliott-Larsen Civil Rights Act (MCL 37.2101 et seq.)**, which prohibits discrimination in the offering of services, accommodations, and financial access based on religion, beliefs, and associational membership. The arbitrary restriction of my individual account and exclusion of our digital asset from fair market participation infringes on the civil rights guaranteed under both **state and federal law**.

• **Economic Harm & Retaliation**: Coinbase's actions have caused ongoing **financial harm, reputational injury, and lost opportunity**, especially in connection with capital formation, blockchain deployment, and commercial pooling of a lawfully issued trust-backed currency. These injuries stem directly from Coinbase's **retaliatory behavior**—not based on any wrongdoing, but rather on the fact that I was the **victim of a third-party fraud**, and further punished for attempting to assert my rights under law.

• **Breach of Fiduciary and Commercial Fairness**: As a financial services provider regulated under state and federal consumer protection and securities laws, Coinbase holds a **commercial duty of fairness, transparency, and nondiscrimination** toward **verified account holders and KYB-compliant entities**. By obstructing access without justification, refusing to process trust-compliant applications, and selectively endorsing other assets while suppressing ours, Coinbase has violated this duty, triggering liability under **contract law, common law equity, and statutory obligations**.

---

**Explanation of Damages: Financial Harm, Reputational Injury, and Lost Commercial Opportunity**

Coinbase's actions have directly and materially harmed me and the trust estate I lawfully represent in several significant and quantifiable ways. These injuries are not hypothetical—they are measurable, ongoing, and stem from Coinbase's unjustified restriction of my account and refusal to engage with or list **Sotero Currency (SOTC)**, despite its legal structure, verified deployment, and fiduciary governance.

**1. Financial Harm**

By restricting my verified Coinbase account—without cause or due process—I have been unable to:

**EXHIBIT A**

- Buy, sell, or trade cryptocurrencies that are necessary for trust-based asset conversion and liquidity;

- Transfer digital assets to and from custodial wallets critical to my role as trustee and executor;

- Engage in real-time commercial operations tied to digital finance and decentralized ecosystems.

This has caused direct losses in the form of:

- **Missed market opportunities**,

- **Frozen digital assets**,

- **Inability to issue or convert stablecoins, smart contracts, and staking pools**, and

- **Blocked participation in DeFi protocols** that require Coinbase as an on/off-ramp or validator.

## 2. Reputational Injury

Coinbase's refusal to acknowledge Sotero Currency or to allow lawful trading activity by a verified account holder has cast **unwarranted doubt** on the legitimacy of the:

- Trust entity (Succor International Ecclesiastical Foreign Non-Grantor Trust),

- Currency (SOTC), and

- Fiduciary officers (including myself, Sotero M. Lopez III).

This reputational damage is compounded by the fact that Coinbase has publicly listed politically charged, meme-based, and sometimes volatile or unverified tokens such as **$TRUMP**, **$PEPE**, **$TREE**, and **$MELANIA**, without equivalent legal oversight or governance. The appearance that Coinbase favors such assets while blacklisting trust-backed currencies presents the false perception that **Sotero Currency lacks merit**, which materially harms our standing with investors, institutional partners, and international blockchain networks.

## 3. Loss of Capital Formation and Blockchain Deployment

Sotero Currency is part of a larger lawful economic ecosystem backed by:

- Trust-issued financial instruments,

- Ecclesiastical protections,

- CUSIP-identified securities, and

- A well-defined governance structure.

Coinbase's refusal to engage in the review, listing, or proper KYB onboarding of Sotero Currency has:

- Blocked multiple potential **capital formation channels**, including private offerings, token sales, and trust asset tokenization;

- Prevented **public recognition** of SOTC as a valid asset, which is essential for **listing on other exchanges**;

- Delayed and devalued the broader **blockchain deployment plan**, as many DeFi platforms, smart contract systems, and institutional tools rely on Coinbase's infrastructure for legitimacy and liquidity.

### 4. Retaliatory Nature of Restriction

Most egregiously, these harms were inflicted **not because of any wrongdoing on my part**, but as a **retaliatory consequence** of my being a victim of third-party fraud by **Castillage Financial Services**, a company based in Germany. Instead of protecting or assisting the verified account holder, Coinbase imposed arbitrary account restrictions—treating the victim as a risk rather than the fraudster. This is not only unethical, but in violation of fiduciary, commercial, and possibly consumer protection laws.

Additionally, I was further punished when I attempted to **assert my legal rights and trust authority**, seeking listing of SOTC and the opportunity to submit lawful trust-backed instruments. Coinbase's silence, delays, and restrictions compounded the injuries.

### 5. FORENSIC AUDIT DEMAND & DATA USAGE DISCLOSURE

In light of Coinbase's refusal to respond to trust-based settlement instruments and its silence regarding Sotero Currency (SOTC), we hereby demand that Coinbase submit to a **third-party forensic audit** and issue a formal **data usage disclosure** detailing the extent to which it has reviewed, retained, replicated, shared, analyzed, or commercially benefited from Plaintiff's private financial data, KYB submissions, or digital asset materials.

This audit and disclosure request is necessary to determine whether Coinbase, Inc. has improperly used, retained, or monetized:

- Personally identifiable fiduciary data,

- KYB-compliant trust documentation,

7

**EXHIBIT A**

- Blockchain metadata linked to Sotero Currency (SOTC),

- CUSIP-style identifiers issued under private ecclesiastical jurisdiction, and

- Submitted financial instruments, including the $100 million Security Agreement, Private Bond, and International Bill of Exchange.

Accordingly, we demand Coinbase provide within fourteen (14) calendar days the following:

## A. Internal Records & Logs

- All logs of access, download, or internal routing of our KYB-compliant application, CUSIP-based instruments, and listing request.

- All records of internal review or committee deliberation concerning the Sotero Currency (SOTC) project or Succor Trust documents.

## B. Blockchain Analytics / Surveillance Records

- Any metadata, wallet tagging, transaction tracking, or SOTC-related insights processed or retained by **Coinbase Analytics** or any third-party blockchain surveillance partner.

## C. Commercial Use or Derivative Applications

- Disclosure of any third-party agreements or internal projects where Plaintiff's data, tokens, or trust-backed structures were used to inform compliance models, asset listing risk assessments, or competitor analysis.

## D. Retention Policy & Officer Attestation

- A written declaration, under penalty of perjury, from Coinbase's Chief Compliance Officer or Data Protection Officer certifying:

  - Whether any data derived from Plaintiff or Sotero Currency (SOTC) was stored, sold, indexed, monetized, replicated, or otherwise used for internal or commercial purposes;

  - That all such actions complied with Coinbase's Privacy Policy, Terms of Use, and applicable state and federal law.

This demand is grounded in fiduciary and equitable doctrine, including:

**EXHIBIT A**

- **The right to review all records and instruments affecting one's legal and commercial interest (Lex Mercatoria, UCC 9-210);**

- **Natural equity principles barring the silent commercial exploitation of another's private property;** and

- **The right to discovery and accounting in any pre-litigation fiduciary context.**

If Coinbase fails or refuses to comply with this lawful and limited forensic disclosure, such refusal shall be considered a continuing breach, further justifying our forthcoming Verified Petition for Declaratory and Injunctive Relief in the Third Judicial Circuit Court, Wayne County, Michigan, as well as federal court action under 42 U.S.C. § 1983 and applicable state statutes.

We are prepared to issue formal discovery requests, subpoena relevant data, and retain a court-appointed forensic examiner if necessary.

---

### Private Settlement Offer and Legal Notice Regarding Account Discrimination and Digital Asset Listing

In furtherance of our commitment to peaceable resolution and mutual commercial respect, and in alignment with both domestic and international standards of settlement and fiduciary equity, we hereby present a **formal offer of settlement** through a **lawful and enforceable tender package**, privately issued under ecclesiastical trust jurisdiction and backed by perfected security interests. This package of financial instruments has been meticulously structured in accordance with the **Uniform Commercial Code (UCC)**, applicable **federal statutes**, and **recognized international financial protocols**. It is designed not only to satisfy any alleged or potential claims arising from the matters set forth herein, but also to establish a pathway for **final resolution, monetization, or conversion** in a manner that is beneficial to both parties. This offer is made with clean hands, in good faith, and with the lawful intent to avoid prolonged litigation or public controversy:

- **Present a lawful and enforceable tender** composed of a structured and secured package of private financial instruments, totaling **$100 million**, in satisfaction and settlement of any claims, disputes, or liabilities, and in alignment with recognized commercial and fiduciary standards. This tender includes:

- A **$100 million Security Agreement**, lawfully executed by the **Succor International Ecclesiastical Foreign Non-Grantor Trust**, establishing a perfected lien, security interest, and trust-based collateral rights over specified fiduciary assets, registered with private CUSIP designation and backed by commercial trust obligations;

**EXHIBIT A**

- A **fully executed International Bill of Exchange**, drawn in accordance with **UCC Article 3 (Negotiable Instruments)** and made payable to Coinbase as creditor or beneficiary, tendered with full faith, lawful intent, and capacity to discharge public or private obligations by conversion into bankable credit, coin, or asset-backed ledger settlement;

- A **Private Bond in the face amount of $100 million**, issued by the Trust under ecclesiastical jurisdiction, secured by private settlement trust accounts and protected under **UCC Articles 8 and 9**, constructed to meet the requirements for lawful securities, and designated for redemption or conversion through recognized fiscal agents.

These commercial instruments are lawful, enforceable, and **redeemable under the following statutory and regulatory authorities**:

- **Uniform Commercial Code (UCC)**: Particularly Articles **1**, **3**, **8**, and **9**, which govern the negotiability, transfer, enforcement, and secured interests related to trust-issued instruments;

- **31 U.S.C. § 5118**: Recognizing the enforceability of obligations not requiring payment in any particular kind of money;

- **31 U.S.C. § 3123**: Affirming the binding nature of public debts and financial obligations of the United States, inclusive of book-entry and fiscal settlement securities;

- **31 C.F.R. § 328.5(b)**: Allowing for the **Federal Reserve Banks**, acting as **Fiscal Agents of the United States**, to receive and process securities or obligations presented in bearer or registered form, including those arising from private trust jurisdictions.

These instruments may be **lawfully converted** into **United States Dollars (USD)**, **digital assets**, or **any recognized national currency** via authorized financial intermediaries, including but not limited to:

- The **Federal Reserve Bank** (under book-entry redemption protocols),

- Commercial banks or fiscal agents with trust-settlement capacity,

- Blockchain-based stablecoin or tokenized asset pools with private contract-based liquidity.

These instruments are not speculative. They are **structured settlement assets** with legitimate commercial origin, trust-based fiduciary authority, and redemption value. They are presented here not as threats, but as a **bona fide settlement mechanism** offered in

**EXHIBIT A**

good faith—designed to resolve all disputes **without litigation**, **without burdening Coinbase with costs**, and in a manner that facilitates **cooperation, financial benefit, and equitable remedy** between the parties.

---

## 4. MUTUAL BENEFIT AND FINAL NOTICE

We hereby affirm our intent to remain in **peaceful commerce, mutual respect, and cooperative engagement** with Coinbase. The **Succor International Ecclesiastical Foreign Non-Grantor Trust**, its digital currency (**Sotero Currency - Contract Address: 0x6F8D2EbaDA6cf172a4C737E9b9E4c3D10896f83F**), and its fiduciaries act with **clean hands, full disclosure, and verified lawful authority**, as recorded in public trust filings and substantiated through internationally compliant financial protocols. Our offer is grounded in principles of **equity, good faith, and private contract law**, with no intention to cause public disruption or reputational harm—only to ensure lawful access, due process, and nondiscriminatory treatment.

The **acceptance of our trust-governed instruments and digital assets** not only satisfies legal and fiduciary standards but also opens a pathway for **mutual benefit, expanded market innovation, and cooperative advancement** within the digital asset ecosystem. As a platform that has historically embraced emerging assets and ideological diversity—including politically charged and speculative tokens—Coinbase has both the capacity and the opportunity to demonstrate its commitment to equity and inclusion in digital finance.

Accordingly, we respectfully request a written response **within fourteen (14) calendar days** from the date of this correspondence. Should Coinbase decline, remain silent, or otherwise fail to engage in good faith within that period, such nonresponse shall constitute **dishonor and commercial default** under the Uniform Commercial Code and international commercial law. In such case, we will proceed with:

- The **formal recording and enforcement of all tendered instruments**, and

- The **commencement of legal proceedings** in the appropriate jurisdiction to obtain full relief, injunctive protection, and compensatory damages.

This is not a threat—it is a final offer of **private remedy over public controversy**, and a call for commercial reasons over unnecessary escalation. We encourage Coinbase to seize this opportunity to lead by example.

*"He who comes into equity must come with clean hands."*

*(Maxim of Equity; see also U.S. Supreme Court in Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806 (1945))*

**EXHIBIT A**

**All communications and settlement discussions must be directed to:**

> **Sotero M. Lopez III**
> Trustee & Fiduciary Executor
> Succor International Ecclesiastical Foreign Non-Grantor Trust
> Email: soteromlopez@proton.me | Tel: +1-586-565-0977
>
> Mailing Address: ℅ Attn: Sotero M. Lopez III; Ex. P.O. BOX 40261, REDFORD
> CHARTER TOWNSHIP, MICHIGAN, 48240.

Respectfully,

*By: Sotero M. Lopez III; Ex.*

**Sotero M. Lopez III**
Trustee / Executor / Chief Fiduciary
Succor Private Ministerial Association
Private Trust Domicile – Redford Charter Township, Michigan

**Private CUSIP No.: SML-073124-SOTC-DL100M**

**Document Control No.: SIE-COINBASE-DL-2025-001**

12

**EXHIBIT A**

25-011798-CZ FILED  IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   7/31/2025 8:28 PM   Carla Keefe

JIS Code: OSF

| STATE OF MICHIGAN | | CASE NUMBER and JUDGE |
|---|---|---|
| 3RD **JUDICIAL DISTRICT** **JUDICIAL CIRCUIT** WAYNE **COUNTY** | **FEE WAIVER REQUEST** | |

| Court address | Court telephone number |
|---|---|
| 2 Woodward Ave, Detroit, MI 48226, USA | +1 313-224-0157 |

| Plaintiff/Petitioner's name, address, and telephone number | | Defendant/Respondent's name, address, and telephone number |
|---|---|---|
| Sotero M. Lopez III; Ex. P.O. BOX 40261, REDFORD CHARTER TOWNSHIP, MICHIGAN, 48240. Contact Number: 586-565-0977 | v | Coinbase Global, Inc. 251 Little Falls Drive, Wilmington, Delaware 19808 Contact Number: +1 (888) 908-7930 |
| Plaintiff/Petitioner's attorney, bar number, address, and telephone number | | Defendant/Respondent's attorney, bar number, address, and telephone number |

In the matter of _____

**Instructions:**  Complete this form and file it with the court. If this request is filed by a prisoner, a certified statement of the prisoner's trust account showing a current balance and a 12-month history of deposits and withdrawals must accompany this form. After you receive a decision on your request, you must serve your request and the decision on the other party(ies).

I request a waiver of my filing fees for the following reason:  (Check 1, 2, or 3)

☑ 1.  I receive the following type(s) of public assistance because of indigence:
  ☐ Food Assistance Program through the State of Michigan (also known as FAP or SNAP)
  ☑ Medicaid (including Healthy Michigan, CHIP, and ESO)
  ☐ Family Independence Program through the State of Michigan (also known as FIP or TANF)
  ☐ Women, Infants, and Children benefits (WIC)
  ☐ Supplemental Security Income through the federal government (SSI)
  ☐ Other means-tested public assistance: _____

FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
JUL 28 2025
BY M.X

My public assistance case number(s) (if any) is _____
  Write "none" if no case number. Do not write your Social Security Number

☐ 2.  I am represented by a legal services program or I receive assistance from a law school clinic because of indigence.
  The name of the legal services program or law school clinic is
  _____

☐ 3.  I am unable to pay the fees and I did not check item 1 or 2 above.
  My gross household income is $ _____ every _____.
  The number of people in my household is _____.    Week/Two weeks/Month/Year
  My source of income is _____
  List assets and their worth, such as bank accounts. If you need more space, attach a separate sheet.

  List obligations and how much you pay, such as rent or other debts. If you need more space, attach a separate sheet.

I declare under the penalties of perjury that this request has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

07/27/2025
_____    By: Sotero M. Lopez III
Date                          Signature

| Approved, SCAO Form MC 20, Rev. 9/23 MCR 2.002 Page 1 of 2 | Distribute form to: Court Applicant Other parties Friend of the court (when applicable) |
|---|---|

SRA
**EXHIBIT A**

Fee Waiver Request   (9/23)
Page 2 of 2

Case Number _____

| CLERK WAIVER |
| --- |

1. Payment of filing fees is waived.

*Marie Anthony*                    'JUL 2 8 2025
Signature of court clerk and date

**IT IS ORDERED:**

| ORDER |
| --- |

☑ 1. Payment of filing fees is waived because:
  ☑ a. Your gross household income is under 125% of the federal poverty guidelines.
  ☐ b. Your gross household income is above 125% of the federal poverty guidelines,
       but payment of the fees would constitute a financial hardship for you.
  ☐ c. Other:

If you become able to pay the fees before this case is resolved, you must notify the court.

☐ 2. The fee waiver request is denied because:
  ☐ a. Your gross household income is above 125% of the federal poverty guidelines and payment of the fees
       would not constitute a financial hardship for you
  ☐ b. Other:

*Patricia Fresard*                    'JUL 2 8 2025
Judge/Magistrate (when authorized) signature and date

| NOTICE |
| --- |

**IF YOUR REQUEST WAS DENIED:** To continue your case and preserve your filing date, you have 14 days from the issue date below to pay the filing fees or request a review. To request a review, fill out a Request for Review of Denied Fee Waiver (form MC 114) and file it with the court.

_____
Issue date (completed by clerk)

**EXHIBIT A**

| STATE OF MICHIGAN<br>MI Wayne 3rd Circuit Court | PROOF OF ELECTRONIC SERVICE | CASE NO. 25-011798-CZ |
|---|---|---|

Case Title

Lopez III, Sotero M v Coinbase Global, Inc.

1. MiFILE served the following documents on the following persons in accordance with MCR 1.109(G)(6).

| Type of Document | Title of Document |
|---|---|
| Proof of Service | PROOF OF SERVICE (MCR 2.107, MCR 2.105, and MCR 2.108) |

| Person Served | E-mail Address of Service | Date and Time of Service |
|---|---|---|
| Sotero  M Lopez III | soteromlopez@proton.me | 8/12/2025 5:32:29 PM |

2. I, Sotero Lopez III, initiated the above MiFILE service transmission.

This proof of electronic service was automatically created, submitted, and signed on my behalf by MiFILE. I declare under the penalties of perjury that this proof of electronic service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

8/12/2025
_____
Date

/s/Sotero Lopez III
_____
Signature

SUCCOR ENTERPRISE
_____
Firm (if applicable)

**EXHIBIT A**

Jacqueline Ruff    8/12/2025 5:32 PM    WAYNE COUNTY CLERK    Cathy M. Garrett    FILED  IN MY OFFICE    25-011798-CZ

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

**Case No.:** 25-011798-CZ
**Plaintiff:** LOPEZ III, SOTERO M.
**Defendant:** COINBASE GLOBAL, INC.
**Private CUSIP No.:** CUSIP-91E3B5A6C4
**Document Control No.:** DOC-37D8A1B2

---

**PROOF OF SERVICE**

(MCR 2.107, MCR 2.105, and MCR 2.108)

I, the undersigned, declare that on **August 11, 2025**, I served a true and correct copy of the **Summons and Complaint** upon the Defendant in the above-captioned matter via **Certified Mail, Return Receipt Requested**, as permitted under **MCR 2.105(A)(2)**.

The item was addressed and mailed to:

**Defendant:** Coinbase Global, Inc.
 **USPS Certified Mail Tracking No.:** 7022 3330 0000 4761 1030

Per the United States Postal Service tracking records, **your item was delivered on August 11, 2025**.

---

**TIME TO ANSWER:**
Pursuant to **MCR 2.108(A)(1)**, a defendant served within the State of Michigan has **21 days after service** to file an Answer or otherwise plead; a defendant served outside the State of Michigan has **28 days after service**.
Since the defendant was served outside the State of Michigan, the **28-day response period expires on September 8, 2025**.

---

I declare under penalty of perjury that the foregoing is true to the best of my knowledge, information, and belief.

**Date:** August 12, 2025

**Signature:** *By: Sotero M. Lopez III ©℠ j Ex.*

**EXHIBIT A**

*Left margin: Jacqueline Ruff   8/12/2025 5:32 PM   WAYNE COUNTY CLERK   Cathy M. Garrett   FILED IN MY OFFICE   25-011798-CZ*



U.S. Postal Service
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Oakland, CA 946

OFFICIAL USE

| | | |
|---|---|---|
| Certified Mail Fee $5.30 | | 0239 |
| $  $4.40 | | 10 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) $ $0.00 | | |
| ☐ Return Receipt (electronic) $ $0.00 | | Postmark |
| ☐ Certified Mail Restricted Delivery $ $0.00 | | Here |
| ☐ Adult Signature Required $ $0.00 | | |
| ☐ Adult Signature Restricted Delivery $ | | |
| Postage $3.56 | | |
| $ | | 08/05/2025 |
| Total Postage and Fees | | |
| $13.26 | | |

Sent To  Coinbase

Street and Apt. No., or PO Box No.
248 3rd St, #434

City, State, ZIP+4®
Oakland, CA, 94607

**EXHIBIT A**

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

**Tracking Number:**

## 70223330000047611030

Copy    Add to Informed Delivery

### Latest Update

Your item was delivered to the front desk, reception area, or mail room at 1:05 pm on August 11, 2025 in OAKLAND, CA 94607.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

**Delivered**

**Delivered, Front Desk/Reception/Mail Room**
OAKLAND, CA 94607
August 11, 2025, 1:05 pm

**Out for Delivery**
OAKLAND, CA 94607
August 11, 2025, 10:17 am

**Arrived at USPS Regional Destination Facility**
SAN FRANCISCO CA DISTRIBUTION CENTER
August 10, 2025, 10:29 pm

**In Transit to Next Facility**
August 10, 2025

**Arrived at USPS Regional Origin Facility**
DETROIT MI DISTRIBUTION CENTER
August 7, 2025, 8:25 pm

**Departed Post Office**
REDFORD, MI 48239
August 5, 2025, 9:02 pm

**EXHIBIT A**

| STATE OF MICHIGAN<br>MI Wayne 3rd Circuit Court | PROOF OF ELECTRONIC SERVICE | CASE NO. 25-011798-CZ |
|---|---|---|

Case Title

Lopez III, Sotero M v Coinbase Global, Inc.

1. MiFILE served the following documents on the following persons in accordance with MCR 1.109(G)(6).

| Type of Document | Title of Document |
|---|---|
| Miscellaneous Document filing | NOTICE TO COURT REGARDING SETTLEMENT DISCUSSIONS AND ARBITRATION DEMAND |

| Person Served | E-mail Address of Service | Date and Time of Service |
|---|---|---|
| Sotero  M Lopez III | soteromlopez@proton.me | 8/29/2025 4:44:33 PM |

2. I, Sotero Lopez III, initiated the above MiFILE service transmission.

This proof of electronic service was automatically created, submitted, and signed on my behalf by MiFILE. I declare under the penalties of perjury that this proof of electronic service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.


8/29/2025
Date

/s/Sotero Lopez III
Signature

SUCCOR ENTERPRISE
Firm (if applicable)

**EXHIBIT A**

Yolanda Payne   8/29/2025 4:44 PM   WAYNE COUNTY CLERK   Cathy M. Garrett   IN MY OFFICE   FILED   25-011798-CZ

**STATE OF MICHIGAN**
**IN THE THIRD JUDICIAL CIRCUIT COURT**
**COUNTY OF WAYNE**

**SOTERO MONTELLANO LOPEZ III,**
 Plaintiff,
v.
**COINBASE GLOBAL, INC.,**
 Defendant.

Case No. **25-011798-CZ**

**Prior or Related Cases:** There are no prior, pending, or related cases involving the same parties, facts, or issues currently before this or any other court.

**Case Code Number.:** CZ

_____

**NOTICE TO COURT REGARDING SETTLEMENT DISCUSSIONS AND**
**ARBITRATION DEMAND**

NOW COMES Plaintiff, **Sotero Montellano Lopez III**, in propria persona, and pursuant to **MCR 2.119(A) and (E)**, respectfully notifies this Honorable Court of recent developments in discussions with Defendant's counsel, and states as follows:

1. On or about August 25, 2025, Plaintiff participated in communications with Defendant's attorney concerning the pending petition.

2. Defendant's counsel has insisted that Plaintiff dismiss this case and refile in private arbitration before the American Arbitration Association (AAA), pursuant to the arbitration clause contained in Coinbase's User Agreement.

3. Plaintiff has expressed willingness to resolve this matter through **settlement**, and has communicated that Plaintiff would voluntarily withdraw this Circuit Court action **only if a mutually acceptable settlement agreement is executed**.

4. Plaintiff remains concerned that voluntary dismissal at this stage would **unfairly prejudice statutory rights under Michigan law**, including rights provided by the **Michigan Consumer Protection Act (MCL 445.901 et seq.)** and **Michigan Uniform**

**EXHIBIT A**

**Commercial Code (MCL 440 et seq.)**. Plaintiff further contends that compelling arbitration that imposes excessive costs or strips statutory remedies would be **unconscionable and unenforceable under Michigan law**.

5. This Court may find that enforcing Coinbase's arbitration clause, under these circumstances, would effectively waive Plaintiff's statutory remedies, and thus be both procedurally and substantively unconscionable under Michigan law.

6. Attached hereto as Exhibit A is correspondence from Defendant's counsel confirming Defendant's demand that Plaintiff dismiss this action and refile before the American Arbitration Association. This exhibit is provided solely to document Defendant's arbitration demand, not for purposes of settlement discussion.

7. Plaintiff therefore respectfully requests that this Court:

   ○ Take notice of Plaintiff's good faith efforts to pursue settlement;

   ○ Preserve jurisdiction over this matter unless and until a settlement is reached or unless arbitration is compelled by proper motion; and

   ○ Provide further instruction as to whether arbitration is required under Michigan law or whether this matter may properly proceed in this forum.

Respectfully submitted,

*By: Sotero M. Lopez III; ©™ Ex.*

**Sotero M. Lopez III**
 Plaintiff / Petitioner

Date: 08/29/2025

_____

**EXHIBIT A**

# RE: Lopez v. Coinbase - Case No. 25-011798-CZ

# EXHIBIT A

| From | Jamison Winters <jamison.winters@nortonrosefulbright.com> |
|---|---|
| To | soteromlopez@proton.me |
| CC | Eric Martin <eric.martin@nortonrosefulbright.com> |
| Date | Thursday, August 28th, 2025 at 4:45 PM |

Hi Mr. Lopez,

Thank you for providing that information. Could you also confirm the email address, company name, toke contract address, ticker, and website you used to submit your listing request?

Regarding settlement, Coinbase will not be able to provide a settlement proposal by today. And the issue of resolution is separate from the proper forum for your claims. As explained in my email below, your claims against Coinbase are subject to arbitration. Please dismiss the lawsuit you filed in Wayne County court by 5:00 PM Eastern tomorrow, August 29, and submit your claims to arbitration.

Thank you,
Jamison

**Jamison Winters** | Associate

Norton Rose Fulbright US LLP

7676 Forsyth Blvd, Suite 2230, St. Louis, Missouri 63105, United States

Tel +1 314 505 8858 | Fax +1 314 505 8899

jamison.winters@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*

nortonrosefulbright.com

---

**From:** Sotero <soteromlopez@proton.me>
**Sent:** Tuesday, August 26, 2025 12:11 AM
**To:** Jamison Winters <jamison.winters@nortonrosefulbright.com>
**Subject:** RE: Lopez v. Coinbase - Case No. 25-011798-CZ

Dear Jamison,

Thank you for your email of August 26. I have reviewed your request that I dismiss my case in Wayne County and proceed only through arbitration before the AAA.

At this time, I want to be clear: I am **open to resolving this matter through a direct settlement agreement**. In fact, I would prefer to withdraw the case entirely rather than prolong it through arbitration — but only if a fair settlement can be reached this week.

For that reason, I respectfully request that Coinbase provide **written settlement terms or a concrete proposal no later than Thursday, August 28, 2025**. This way, I will have an opportunity to review your position before the 5:00 PM dismissal deadline you have set for Friday, August 29. Without a settlement proposal, I cannot responsibly agree to dismiss the case and give up my rights.

To support my position, I have attached:

1. **Coinbase correspondence (July 1, 2025)** confirming account restrictions.
2. **Currency deployment application attempts (July 2025)** showing my good-faith efforts to have Sotero Currency (SOTC) published and reviewed.

These documents show both my authorship/deployment and Coinbase's role in creating unnecessary obstacles. If we cannot resolve this by agreement, I will have no choice but to preserve all rights and remedies available to me under state and federal law, including consumer fraud, commercial discrimination, and unfair trade practice claims.

Again, I want to emphasize that my preference is settlement. Please provide proposed terms by Thursday so that this can be resolved amicably and without further proceedings.

Sincerely,

Sotero M. Lopez III

Sent with Proton Mail secure email.

On Monday, August 25th, 2025 at 8:08 PM, Jamison Winters <jamison.winters@nortonrosefulbright.com> wrote:

> Hello Mr. Lopez,
>
> Thank you for your time on the call this afternoon. As discussed, please send us any confirmation emails or other communications you've received regarding your asset listing application and Coinbase account restrictions.

**EXHIBIT A**

As a Coinbase user, any disputes with Coinbase are subject to arbitration administered by the American Arbitration Association (AAA). Here is a link to the Coinbase User Agreement: https://www.coinbase.com/legal/user_agreement/united_states#-individual-user-agreement. The arbitration provision is at Appendix 5.

For that reason, we ask that you please dismiss the lawsuit you filed in Wayne County court by 5:00 PM Eastern this Friday, August 29, and submit an arbitration demand with the AAA instead. The AAA's website is available here: https://www.adr.org/.

Please let us know if you have any questions.

Thank you,

Jamison

**Jamison Winters** | Associate
Norton Rose Fulbright US LLP
7676 Forsyth Blvd, Suite 2230, St. Louis, Missouri 63105, United States
Tel +1 314 505 8858 | Fax +1 314 505 8899
jamison.winters@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com

---

**From:** Sotero <soteromlopez@proton.me>
**Sent:** Friday, August 22, 2025 5:00 PM
**To:** Jamison Winters <jamison.winters@nortonrosefulbright.com>
**Cc:** Eric Martin <eric.martin@nortonrosefulbright.com>
**Subject:** RE: Lopez v. Coinbase - Case No. 25-011798-CZ

Yes

Sent from Proton Mail for iOS

**EXHIBIT A**

Case 2:25-cv-12841-JJCG-APP   ECF No. 1   PageID.48   Filed 09/08/25   Page 48 of 49

On Fri, Aug 22, 2025 at 5:59 PM, Jamison Winters <jamison.winters@nortonrosefulbright.com> wrote:

> Thank you for confirming. Is (586) 565-0977 the best way to reach you?
>
>
> **Jamison Winters** | Associate
>
> Norton Rose Fulbright US LLP
>
> 7676 Forsyth Blvd, Suite 2230, St. Louis, Missouri 63105, United States
>
> Tel +1 314 505 8858 | Fax +1 314 505 8899
>
> jamison.winters@nortonrosefulbright.com
>
>
> **NORTON ROSE FULBRIGHT**
>
> *Law around the world*
>
> nortonrosefulbright.com
>
> ─────────────────────────────
>
> **From:** Sotero <soteromlopez@proton.me>
> **Sent:** Friday, August 22, 2025 4:52 PM
> **To:** Jamison Winters <jamison.winters@nortonrosefulbright.com>
> **Cc:** Eric Martin <eric.martin@nortonrosefulbright.com>
> **Subject:** Re: Lopez v. Coinbase - Case No. 25-011798-CZ
>
>
> Hello Winters,
>
>
> Yes—Monday works well for me. I'm available at 4:00 PM CT for our scheduled call.
>
>
> Sent from Proton Mail for iOS
>
>
> On Fri, Aug 22, 2025 at 5:45 PM, Jamison Winters <jamison.winters@nortonrosefulbright.com> wrote:
>
>> Hello Mr. Lopez,
>>
>>
>> We are attorneys for Coinbase, Inc. Our firm will be representing Coinbase in connection with the
>> complaint you filed in Wayne County, Michigan.

**EXHIBIT A**

Would you have a few minutes on Monday afternoon for a call to discuss the case? We are available at 4:00 PM Central if that works for you.

Thank you,

Jamison

**Jamison Winters** | Associate

Norton Rose Fulbright US LLP

7676 Forsyth Blvd, Suite 2230, St. Louis, Missouri  63105, United States

Tel +1 314 505 8858 | Fax +1 314 505 8899

jamison.winters@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*

nortonrosefulbright.com

This email message and any attachments are for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure, copying or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

To reply to our email administrator directly, send an email to nrfus.postmaster@nortonrosefulbright.com.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com/legal-notices.

**EXHIBIT A**